IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTIAN DAVIS, | |
| Plaintiff, | CIVIL ACTION NO. 1:23-CV-04800-JPB |
| v. | |
| MONSANTO COMPANY, | |
| Defendant. | |

## DEFENDANT MONSANTO COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES NOW, Defendant Monsanto Company ("Monsanto"), by and through its undersigned counsel of record, and hereby files its Response in Opposition to Plaintiff's Motion to Remand (the "Motion") (Doc. 6.) showing the Court as follows:

## I.    INTRODUCTION

Plaintiff Christian Davis's Motion presents a straightforward and discrete question of law: can a plaintiff eliminate the right to removal simply by naming an out-of-state defendant's unincorporated, in-state retail store as a purported defendant?  The Eleventh Circuit has already answered this question in the negative, albeit in an unpublished opinion.  Every other court has ruled in the same way.  And

for good reason.  A legally non-existent defendant is no defendant at all.  This Court should reject Plaintiff's misguided attempt to defeat removal.

## II.    BACKGROUND

Plaintiff commenced this products liability lawsuit on September 14, 2023, in the State Court of Gwinnett County ("State Court Action").  Plaintiff is, and was at the time the case was filed, a resident and citizen of the State of Virginia.[1]  *See* Complaint ¶¶ 11, 38 (Doc. 1-1).

As stated in its Notice of Removal ("NOR"), Monsanto is a citizen of Delaware and Missouri.  NOR ¶ 6 (Doc. 1).  Bayer Corporation is a citizen of Indiana and New Jersey.  NOR ¶ 7.  Bayer U.S., LLC is a citizen of Indiana and New Jersey.  NOR ¶ 8.  Bayer CropScience LP is a citizen of Arkansas, Delaware, Indiana, North Carolina, New York, New Jersey, Missouri, and the Netherlands.  NOR ¶ 9.  And Ewing Irrigation Products, Inc., is a citizen of Arizona and Nevada.[2]  NOR. 10.

---

[1] For jurisdictional purposes, citizenship is determined based on the facts "at the time of filing." *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 571 (2004). Under this rule Plaintiff is clearly a Virginia citizen.  While Plaintiff's only argument is based on the forum-defendant rule, he states at times that complete diversity is also lacking.  *See, e.g.*, Memo. at 2 (Doc. 6-1).  If Plaintiff means to contend that complete diversity is absent because both he and Ewing Store 127 are citizens of Georgia, then he is wrong both because (1) he is a citizen of Virginia as a matter of law, and (2) as discussed below, Ewing Store 127 is *not* a citizen of Georgia, or any other state for that matter.

[2] The NOR identified Ewing Irrigation Products, Inc. as a citizen of Arizona without recognizing that, as a Nevada corporation, it is also a citizen of Nevada.  *See*

There can be no dispute that there is complete diversity because Plaintiff is a citizen of Virginia and no defendant is a citizen of Virginia, and there is no dispute that the amount in controversy exceeds $75,000.

Rather, Plaintiff contends that the purported naming of "Ewing Store 127" as a defendant defeats removal because it is an in-state ("in-forum") defendant. However, in the Complaint, Plaintiff does not allege that Ewing Store 127 is a Georgia citizen, but does allege that it is located in Georgia.  Compl., ¶ 18.  Now, despite the existence of complete diversity, Plaintiff has moved for remand of this case to state court, arguing that Ewing Store 127 is a "citizen" of Georgia and deemed an in-forum defendant, making removal improper under 28 U.S.C. § 1441(b)(2).  Mot. at 3–5.

Ewing Store 127 is not a corporation, limited liability company, or any other sort of legal entity.  Ewing Store 127 is instead a storefront that is owned and operated by Ewing Irrigation Products, Inc., a Nevada corporation with its principal place of business in Arizona.  *See* Declaration of Mark Finstad on Behalf of Defendant Ewing Irrigation Products, Inc. and Consent to Removal ("Finstad Dec."), ¶ 2 (Doc. 1-2).  Ewing Store 127 "is merely a building," and it "has never operated

---

https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=153192&businessType=Foreign%20Profit%20Corporation&fromSearch=True.

as a legal entity under Georgia law or the law of any other jurisdiction." *Id.* There is complete diversity and no defendant is a citizen of Georgia.

## III.   ARGUMENTS & AUTHORITIES

"[T]he removal statute grants defendants a right to a federal forum." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137 (2005) (emphasis added) (citing 28 U.S.C. § 1441).  But a case otherwise subject to removal on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This rule is referred to as "the forum-defendant rule." *U.S. Bank Natl. Assn. v. Smith*, 693 Fed. App'x 827, 829 (11th Cir. 2017).  Plaintiff's sole argument is that the forum-defendant rule applies here because, he contends, "Ewing Store 127 is a citizen of Georgia."  Mot. at 3.  Plaintiff is wrong.

Courts disregard the citizenship of a purported defendant if it is "not a legal entity that can be sued." *Goolsby v. Farmers Ins.*, No. 1:20-CV-4240-MLB, 2021 WL 2661547, at *3 (N.D. Ga. June 29, 2021).  This rule applies here.  Ewing Store 127 is a building, not a legal entity capable of suing or being sued.  Finstad Dec., ¶ 2.  Accordingly, its citizenship is to be disregarded. *Whitehurst v. Wal-Mart*, 306 Fed. App'x 446, 448 n.3 (11th Cir. 2008) (unpublished).

In *Whitehurst,* the Eleventh Circuit was confronted with a similar situation of a retail location—"Wal–Mart Supercenter Store No. 1083"—that had been identified as a defendant in the complaint. *See id.* The plaintiffs in that case argued that the inclusion of the store destroyed diversity because the store was located in Florida and they were citizens of Florida. *See id.* But that argument—essentially the same argument presented here—failed. Based on evidence that "Store No. 1083 was merely a building and had never operated as an independent legal entity under Florida law," the court disregarded its purported citizenship and instead looked to the citizenship of the corporation that owned and operated the store—*i.e.*, "the proper defendant." *See id.* The *Whitehurst* analysis applies here.[3]

Several courts have reached the same conclusion under identical or analogous circumstances. *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, No. CIV. 09-

---

[3] Monsanto cited *Whitehurst* in its Notice of Removal, *see* NOR at 5 n. 5, but Plaintiff does not address it in his Motion to Remand. The only difference between this case and *Whitehurst* is that the plaintiff there did not sue the proper defendant, Wal–Mart Stores East, L.P., and instead named only "Wal–Mart Supercenter Store No. 1083." 306 Fed. App'x at 448 n.3. Wal–Mart Stores East, L.P. then appeared and removed the lawsuit to federal court. *See id.* at 447–48. Under these circumstances, the court had to take two steps: (1) ignore the purported citizenship of Store No. 1083 and (2) look instead to the citizenship of the proper defendant. Here, because Plaintiff did name the proper defendant in addition to the improper defendant, the citizenship of the proper defendant has already been accounted for and the Court need only disregard Ewing Store 127's citizenship.

954-GPM, 2009 WL 4506298, at *2 (S.D. Ill. Nov. 26, 2009) (noting that "a defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship," and collecting cases).[4]   Indeed, the Eleventh Circuit's application of this rule to ignore the purported citizenship of a retail location is entirely standard.  *See, e.g.*, *Simon v. Dick's Sporting Goods, Inc.,* No. CV JKB-22-1238, 2022 WL 16722400, at *3 (D. Md. Nov. 4, 2022) ("The Court concludes that Dick's-Ellicott City, an individual retail location of the DSG corporation, is not a legal entity with the capacity to be sued."); *Cruz v. Walgreens Store #5522*, No. CV 20-3338-KSM, 2020 WL 4431469, at *5 (E.D. Pa. July 31, 2020) (disregarding the citizenship of "Walgreens Store #5522" for purposes of both assessing diversity jurisdiction and the forum-defendant rule because the store was "a non-jural entity").

---

[4] *Accord Davis v. OneBeacon Ins. Group,* 721 F. Supp. 2d 329, 336 (D.N.J. 2010); *see also La Russo v. St. George's U. Sch. of Med.*, 747 F.3d 90, 97 (2d Cir. 2014) (finding that "a non-juridical entity that cannot be sued" cannot be "named as a purported defendant" to "destroy diversity jurisdiction"); *Patel v. Aetna*, No. 2:17-CV-78, 2017 WL 2735587, at *1 (S.D. Ohio June 26, 2017) ("As non-jural entities, Aetna, Aetna Insurance Company, and Aetna Corp. are disregarded for diversity purposes."); *Dimora v. N.E. Ohio Corrections Ctr.*, No. 4:14CV1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015) ("NEOCC is a non-jural entity that does not have a separate legal existence. Therefore, the Court need not consider the citizenship of NEOCC in determining whether diversity jurisdiction exists.")

No court has ruled to the contrary, finding that an out-of-state corporation that owns and operates retail locations effectively has no right to removal in those states where it operates stores. Plaintiff is thus unable to cite a single authority supporting his argument. Instead, he primarily cites cases that simply apply the forum-defendant rule to *legal entities* or individuals.[5] The only exception, *Elite Integrated Medical, LLC v. New World Communications of Atlanta, Inc.*, is even less relevant, merely applying the "well-established rule that a parent corporation maintains separate citizenship from a subsidiary." No. 1:19-CV-5214-AT, 2021 WL 1663444,

---

[5] *See Cuble v. UCB, Inc.*, No. 1:22-CV-02688-LMM, 2022 WL 20689736, at *1 (N.D. Ga. Sept. 19, 2022) (applying the forum-defendant rule to bar removal due to the presence of two in-state corporations: UCB, Inc. and UCB Manufacturing, Inc.); *Bussey v. Crossroad Properties A, Inc.*, No. 1:20-CV-03486-SCJ, 2021 WL 9699731, at *1 (N.D. Ga. Aug. 23, 2021) (finding an absence of diversity and that the forum-defendant rule applied due to the existence of a non-diverse, in-state corporate defendant: Crossroad Properties A, Inc.); *DiMarco v. KB Brunswick Hotel LLC*, No. 4:22-CV-278, 2023 WL 2967419, at *3 (S.D. Ga. Apr. 17, 2023) (granting a stipulated request for remand and applying the forum-defendant rule because the defendant, KB Brunswick Hotel LLC, was a citizen of Georgia); *Ferrell v. Mannington Mills Inc.*, No. 1:17-CV-2718-AT, 2017 WL 10398284, at *2 (N.D. Ga. Nov. 9, 2017) (rejecting a fraudulent-joinder argument, and then remanding to state court because the properly joined defendant, Mr. Wharton, was a Georgia citizen, meaning the forum-defendant rule applied*); Fed. Nat. Mortg. Ass'n v. Avendano*, No. 1:10-CV-3391-TWT-AJB, 2010 WL 4963027, at *5 (N.D. Ga. Oct. 28, 2010) (rejecting a removal purportedly based on "federal question jurisdiction" and remanding based on both the amount in controversy and the forum-defendant rule, because the defendants, Norma A. Avendano and Mark Antebi, were citizens of Georgia).

at *3 (N.D. Ga. Apr. 28, 2021) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 351 (3d Cir. 2013)).  That rule is irrelevant here, because Ewing Story 126 is neither a legal entity *nor* a subsidiary of Ewing Irrigations Products, Inc.

Plaintiff admits that Ewing Store 127 is merely "a single storefront."[6]  Mot. at 4.  And his unsupported, "implausible" argument that Ewing Store 127, though "not an existing corporate entity," is "somehow" nonetheless "an unincorporated but independently suable 'subsidiary'" has been "unequivocally negate[d]" by Monsanto's "unrebutted evidence" to the contrary.  *See Taylor v. Piggly Wiggly of Bay Minette, Ala.*, No. CIV.A. 12-0320-W, 2012 WL 3555576, at *3 (S.D. Ala. Aug. 16, 2012); *see also* Finstad Dec., ¶ 2.

Finally, Plaintiff claims that Ewing Store 127 was properly served in this case because the summons and complaint were given to a store manager.  Mot. at 5.  Even if correct, this argument would not overcome the point that Ewing Store 127's citizenship is to be disregarded.  But it is not correct.  Plaintiff does not even identify

---

[6] The Georgia Secretary of State has a searchable database online that "provides access to all the entity's information of record with the Secretary of State."  *See* https://ecorp.sos.ga.gov/BusinessSearch.  A search for "Ewing Store 127" returns no results, because that entity does not exist.  *See Dimora*, 2015 WL 1119768, at *3 & n.1 (ignoring the purported citizenship of a "non-jural entity that d[id] not have a separate legal existence," and noting that "[b]usiness name searches on the Ohio Secretary of State's website" for the purported party's name "returned no results").

the purported legal basis authorizing service in this case. Based on the purported service on a store manager, it seems he intends to invoke O.C.G.A. § 9-11-4(e)(1)(A), which allows for service on a "managing agent" in certain circumstances. *See also* O.C.G.A. § 9-11-4(e)(1)(B) (defining "managing agent"). That statue applies only when "the action is against *a corporation* incorporated or domesticated under the laws of this state or *a foreign corporation* authorized to transact business in this state," however. O.C.G.A. § 9-11-4(e)(1)(A). As established above, Ewing Store 127 is not a corporation and is therefore not amenable to service under this statutory provision or any other provision under Georgia law. Ewing Store 127 has not been properly served.

## IV. CONCLUSION

For the foregoing reasons, Monsanto Company respectfully requests that the Court deny Plaintiff's Motion to Remand.

**SHOOK, HARDY & BACON LLP**

/s/ *Jason S. Allard*

Joshua L. Becker
GA Bar # 046046
Jason S. Allard
GA Bar # 660305
1230 Peachtree Street NE
Suite 1200
Atlanta, GA 30309

(t) (470) 867-6000
(f) (470) 867-6001
jbecker@shb.com
jallard@shb.com

*Attorneys for Defendant*
*Monsanto Company*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHRISTIAN DAVIS, <br><br>             Plaintiff, <br><br> v. <br><br> MONSANTO COMPANY, <br><br>             Defendant. | CIVIL ACTION NO. <br> 1:23-CV-04800-JPB |

## CERTIFICATE OF SERVICE AND
## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that on November 24, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter, pursuant to Local Rule 5.1.

I further certify that this motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Jason S. Allard*

_____

Jason S. Allard
GA Bar #660305

*Attorneys for Defendant*
*Monsanto Company*

11