UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTIAN DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:23-CV-04800-JPB |

# **ORDER**

This matter is before the Court on Christian Davis's ("Plaintiff") Motion to Remand to State Court [Doc. 6]. This Court finds as follows:

## BACKGROUND

This case arises from a complaint filed against Bayer Corporation a/k/a Bayer USA and Bayer U.S. LLC (collectively, "Bayer"), Monsanto Company ("Monsanto"), Ewing Irrigation Products, Inc. d/b/a Ewing Outdoor Supply, Inc. ("Ewing") and Ewing Store 127 ("Store 127"). [Doc. 1-1]. Plaintiff is a citizen of Virginia. Id. at 9. Monsanto is a citizen of Delaware and Missouri, the Bayer Defendants are citizens of Indiana and New Jersey and Ewing is a citizen of Arizona. Id. at 9–11. Store 127 is located in Grovetown, Georgia. Id. at 11.

Plaintiff filed the instant action in the State Court of Gwinnett County, Georgia on September 14, 2023. See id. Plaintiff's Complaint alleges that he was diagnosed with kidney failure and renal failure caused by chronic exposure to Roundup-branded herbicides containing glyphosate, diquat and POEA. Id. As a result, Plaintiff initiated the instant action against Monsanto (the original producer of Roundup products), Bayer (the company that acquired Monsanto in 2018), Ewing (a company that sells and distributes Roundup products) and Store 127 (a store that is owned and operated by Ewing). Id. Plaintiff's Complaint brings claims for design defect, failure to warn, negligence and breach of both express and implied warranties. Id.

On October 19, 2023, Defendant Monsanto removed the action to this Court on the basis of on diversity jurisdiction. [Doc. 1]. Monsanto attached to its Notice of Removal a declaration from Mark Finstad, the Executive Vice President of Finance for Ewing. [Doc. 1-2]. Finstad's declaration states that Store 127 is "merely a building," and "not a distinct legal entity and has never operated as a legal entity under Georgia law or the law of any other jurisdiction." Id. at 2.

Thereafter, on November 9, 2023, Plaintiff filed the instant Motion to Remand to State Court. [Doc. 6]. In Plaintiff's Motion, he contends that removal of this action was improper because there is not complete diversity between the

parties.  <u>Id.</u>  Plaintiff further contends that remand is appropriate based on the "forum-defendant rule" which precludes removal on the basis of diversity jurisdiction when any named defendant is a citizen of the state in which the action is filed.  <u>See</u> <u>id.</u>; <u>see also</u> 28 U.S.C. § 1441(b)(2).  According to Plaintiff, the forum-defendant rule applies to this action because Store 127 is a citizen of Georgia, and thus, the action may not be removed.  [Doc 6, pp. 3–5].  On the other hand, Monsanto contends that diversity of citizenship is satisfied here because Plaintiff is a citizen of Virginia and no defendant is a citizen of Virginia.  [Doc. 7]. Monsanto also argues that the forum-defendant rule does not prevent removal because Store 127 is not a legal entity, and therefore its purported Georgia citizenship is disregarded for purposes of determining whether diversity jurisdiction exists.  [Doc. 7].  The Motion to Remand is now ripe for review.

## ANALYSIS

Under 28 U.S.C. § 1441(a), any civil case filed in state court may be removed to federal court by a defendant if the case could have originally been filed in federal court.  When a case is removed, the party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal is filed.  <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 752 (11th Cir. 2010); <u>Leonard v. Enter. Rent-A-Car</u>, 279 F.3d 967, 972

(11th Cir. 2002). When a removing defendant claims diversity jurisdiction under 28 U.S.C. § 1332, the defendant must show that there is (1) complete diversity of citizenship and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Additionally, the forum-defendant rule dictates that removal on the basis of diversity jurisdiction is not permitted if a named defendant is a citizen of the state in which the action is filed. 28 U.S.C. § 1441(b)(2). Notably, "because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Griffith v. Wal-Mart Stores E., L.P., 884 F. Supp.2d 1218, 1221 (N.D. Ala. 2012) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

The parties do not dispute that the amount in controversy meets the jurisdictional threshold. Further, the Court notes at the outset that diversity of citizenship is satisfied here because it is undisputed that Plaintiff is a citizen of Virginia and no defendant is a citizen of Virginia. Therefore, the Court focuses its analysis on whether the forum-defendant rule prevents removal of this action.

Plaintiff contends that removal of this action from Georgia state court was improper because one of the defendants, Store 127, is a citizen of Georgia. Plaintiff is correct that, under the forum-defendant rule, a Georgia-citizen defendant would normally bar removal of this action from a Georgia state court.

However, Store 127 is not an independent legal entity under Georgia law and, despite the fact that Store 127 is located in Georgia, it is owned and operated by Ewing, a citizen of Arizona. Therefore, the application of the forum-defendant rule here is not as straightforward as Plaintiff contends.

In <u>Whitehurst v. Wal-Mart</u>, the Florida-citizen plaintiffs filed a personal injury action against an individual Wal-Mart store located in Florida. <u>See</u> 306 F.App'x 446 (11th Cir. 2008). After the action was removed to the United States District Court for the Middle District of Florida, the plaintiffs in <u>Whitehurst</u> argued that removal was improper because diversity was lacking. <u>Id.</u> at 448 n.3. Upon review of Wal-Mart, Inc.'s affidavit stating that the individual store was merely a building and had never operated as an independent legal entity under Florida law, the district court concluded, and the United States Court of Appeals for the Eleventh Circuit affirmed, that the individual store was not a proper defendant in the case. <u>Id.</u> Instead, the court found that the company that owned and operated the store, Wal-Mart Stores East, L.P., was the proper defendant and diversity jurisdiction was present because the company was a citizen of Delaware and Arkansas. <u>Id.</u>

Similarly, here, Monsanto provided a declaration stating that Store 127 was not a distinct legal entity and never operated as a legal entity. Because this Court finds that Store 127 is a non-legal entity, it thus looks to Ewing's citizenship and

concludes that the forum defendant rule does not apply and remand is not warranted. Further, because it appears that Store 127 may not be a proper defendant in this case, Plaintiff is **DIRECTED** to show cause as to why Store 127 should not be dismissed from this action no later than 21 days from the date of this Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand to State Court [Doc. 6] is **DENIED**.

**SO ORDERED** this 3rd day of June, 2024.

_____
J. P. BOULEE
United States District Judge