## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CHRISTIAN DAVIS, | |
| Plaintiff, | |
| v. | Case No.: 1:23-CV-04800-JPB |
| BAYER CORPORATION A/K/A BAYER USA, | **JOINT STATEMENT ON DISCOVERY DISPUTE** |
| BAYER U.S. LLC, | |
| BAYER CROPSCIENCE LP, | |
| and | |
| MONSANTO COMPANY, | |
| Defendants. | |

## PARTIES JOINT DISCOVERY STATEMENT

In accordance with this Court's standing orders, the Parties hereby submit the following joint statement about a discovery dispute:

## PLAINTIFF'S POSITION

On September 30, 2025, Plaintiff designated Dr. Thomas McCune to offer an expert opinion in this case. Dr. McCune is designated to offer opinions regarding Plaintiff Christian Davis's diagnosis, treatment, and prognosis of his renal failure, as well as his opinion that Roundup substantially caused Mr. Davis's

injuries. Dr. McCune was also Plaintiff's treating nephrologist and oversaw

Plaintiff's medical care in Virginia. As disclosed in his expert report and his CV,

Dr. McCune retired from his medical practice in September 2025. Upon his

retirement, Dr. McCune relocated to Paris, France, where he currently resides, to

become a student in Wine and Management.  Simply put, despite his professional

affiliations, Dr. McCune no longer resides in Virginia. Upon requesting dates for

his deposition, Plaintiff's counsel asked if Monsanto wanted to conduct the

deposition in-person or via Zoom. Monsanto elected to depose Dr. McCune in

person but refused to travel to his area of residence for his deposition. Monsanto

also declined Plaintiff's offer to have Dr. McCune be deposed via Zoom so as to

mitigate the travel time and expense with conducting his deposition in person.

Monsanto is now demanding, without basis, that Dr. McCune must be deposed in

person in the United States despite Plaintiff's offer to conduct a deposition

remotely.

## I.    <u>Dr. McCune Should be Deposed Remotely or In-person Near His Residence.</u>

While "the party noticing [a] deposition usually has the right to choose the

location," *Buzzeo v. Bd. of Educ.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (internal

quotation marks omitted) (quoting 7 Moore's Federal Practice - Civil §

30.20(1)(b)(ii)), there is a rebuttable presumption that, absent special

circumstances, the deposition of a defendant will be held where the defendant resides, *see, e.g., Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970);*Glatt v. Fox Searchlight Pictures Inc.,* 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012); *Estate of Gerasimenko v. Cape Wind Trading Co.,* 272 F.R.D. 385, 390 (S.D.N.Y. 2011). As the Northern District of Georgia has held, the caselaw "indicate[s] that it is presumed that a defendant will be examined at his residence or at his place of business or employment. . .". Grey, 315 F. Supp. at 832.  Here, Dr. McCune resides in Paris, France.

When the parties cannot agree on a location, "courts retain substantial discretion to determine the site of a deposition." *Lewis v. Madej*, No. 15cv2676 (DLC), 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016) (internal quotation marks omitted) (quoting *Robert Smalls Inc. v Hamilton,* No. 09cv7171 (DAB) (JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010)).  In the Lewis case, the Court stated that after the witness showed evidence of established residency in London, the plaintiff " may take [witness's] deposition either in person in London or remotely by videoconference or telephone." *Id.*  Factors guiding the Court's discretion include the cost, convenience, and litigation efficiency of the designated location. *Buzzeo*, 178 F.R.D. at 393; *see also Sloniger v. Deja*, No. 09CV858S, 2010 WL 5343184, at *5 (W.D.N.Y. Dec. 20, 2010)  If Monsanto insists that Dr.

McCune's deposition be taken in-person, Monsanto should have to travel to his location.

Alternatively, Plaintiff has offered to produce Dr. McCune for deposition via Zoom proceeding. Under Fed. R. Civ. Pro. 30(b)(4), the "parties may stipulate— or the court may on motion order— that a deposition be taken by telephone or other remote means. As this Court is aware, remote proceedings have become increasingly common in a post-COVID legal landscape. Depositions, including those of expert witnesses in the Roundup MDL litigation, are routinely taken via Zoom. Remote depositions are routinely authorized. *See, e.g. Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y 2017) (authorizing deposition to happen in place of witness's residence or via videoconference); *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 119 (S.D.N.Y. 2017) (citing *Gee v. Suntrust Mortg., Inc.,* 2011 WL 5597124, at *2 (N.D. Cal. Nov. 15, 2011); *accord Forauer v. Vt. Country Store, Inc.*, 2014 WL 2612044, at *7 (D. Vt. June 11, 2014); *G–V Jet Aircraft*, 304 F.R.D. at 18; *Shockey v. Huhtamaki, Inc*., 280 F.R.D. 598, 602 (D. Kan. 2012) ("[p]arties routinely conduct depositions via videoconference, and courts encourage the same, because doing so minimizes travel costs and permits the jury to make credibility evaluations not available when a transcript is read by another."). A video deposition is "frequently a preferred solution to mitigate the burden of a deposition location inconvenient to

one or both sides." *Aly*, 320 F.R.D. at 119. This should be the case here. Defendants have not given any explanation as to "what prejudice would inure to them if the deposition were taken by video." *Spiegler v. Mish Mish Inc.,* 719 F. Supp. 3d 374, 376 (S.D.N.Y. 2024); *see also Aly*, 320 F.R.D. at 119 ("This potential burden on travel to each side plainly points to holding the deposition by videoconference.").

Plaintiff respectfully requests that this Court deny Monsanto's request and allow Dr. McCune to be deposed either 1) via Zoom or 2) in-person near his area of residence in Paris, France.

## DEFENDANTS' POSITION

Monsanto submits this letter brief in response to Plaintiff Christian Davis's refusal to make his expert witness available for deposition in the United States.

### I.    Dr. McCune Has Resided in Virginia for Decades

Plaintiff designated Dr. Thomas McCune as a retained testifying expert witness in this case. Dr. McCune is a professor of internal medicine at Eastern Virginia Medical School in Norfolk, Virginia. From 2015 to 2025, Dr. McCune was the Chief of the Division of Nephrology at Eastern Virginia Medical School. Dr. McCune provided medical care to Mr. Davis, starting when Mr. Davis was brought to the emergency center at Augusta Medical Center on September 15, 2021.

Based on his expert report and CV, Dr. McCune appears to be a lifelong resident of Virginia. He received his BS in Biology from VMI Lexington, Virginia in 1982 and his medical degree from Eastern Virginia Medical School in 1985. Dr. McCune has been a partner at Nephology Associates of Tidewater, LTD in Norfolk, Virgina from 1993 to the present, and also the medical director at FKC Greater Norfolk (Virgina) from 1998 to the present.

Despite the fact that his CV lists ongoing professional positions in Virginia, Dr. McCune's report references a recent retirement. His CV states that since September 2025 he has been a "Student, Wine and Management" at Le Cordon Blue, in Paris France, and his current address is in Paris, France.

On September 30, 2025, Dr. McCune was designated as Plaintiff's expert to provide opinions regarding Mr. Davis' diagnosis, treatment, future prognosis, the cause of his kidney failure, and whether "dermal exposure to Roundup could cause the type of injury Mr. Davis suffered in this case."

Dr. McCune has never been deposed in Roundup litigation. Importantly, Dr. McCune is giving a novel opinion that Roundup caused Plaintiff's kidney failure. No such opinion has been given in any prior Roundup case. On October 7, 2025, Monsanto's counsel emailed Plaintiff's counsel for dates for Dr. McCune's deposition. Plaintiff's counsel responded that Dr. McCune now resides in Paris, France and refused to make Dr. McCune available for deposition in the United States despite Monsanto's counsel offering to have the deposition take place at an airport in Atlanta or New York City where direct flights are readily available from Paris, France.

## II.    As the Noticing Party, Monsanto Has the Right to Choose the Deposition Location

Under the Federal Rules of Civil Procedure, Monsanto is entitled to depose Plaintiff's expert witnesses. Fed. R. Civ. P. 26(b)(4)(A). While the Federal Rules of Civil Procedure do not mandate that a deposition occur in a particular place (*Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir. 1985)), it is generally recognized that "***the party noticing the deposition usually has the right to choose the location***." *Winfield v. City of New York*, Case No. 15-cv-

7

05236, 2018 U.S. Dist. LEXIS 22996, 2018 WL 840085, at *11 (S.D.N.Y. Feb. 12, 2018) (emphasis added) (quoting 7 Moore's Federal Practice § 30.20(1)(b)(ii)).

In the context of a *plaintiff* or plaintiff's witnesses, depositions "must generally be taken in the forum in which the plaintiff filed suit, unless the plaintiff can show good cause that the deposition should take place at another location." *Sony Corporation v. Vizio, Inc.*, Case No. CV-08-1135, 2009 U.S. Dist. LEXIS 136149, 2009 WL 10674940 (C.D. Cal. Oct. 9, 2009); *see also* 7 Moore's Federal Practice, Civil § 30.20 (2025) ("Because the plaintiff selects the forum for an action, as a general rule, the plaintiff is required to answer a notice of deposition in the locality where the action is pending.").  When the parties cannot agree on a location, "the district court has broad discretion over the location of depositions."  *See Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1334 (11th Cir. 2020) (district court has broad discretion over location of depositions and plaintiffs generally must make themselves available for examination in chosen forum).  "The presumption in favor of the noticing party is a decisional rule that facilitates determination when other relevant factors do not favor one side over the other." *Viera v. United States*, Case No. 18-CV-9270, 2019 U.S. Dist. LEXIS 211318, 2019 WL 6683556, at *3 (S.D.N.Y. Dec. 6, 2019).  Courts apply Federal Rule of Procedure 26(c)'s "good cause" standard in their analysis, considering cost, convenience, and litigation

efficiency.  *See, e.g., Winfield*, 2018 U.S. Dist. LEXIS 22996, 2018 WL 840085, at *11.

Here, there is no good cause for conducting Dr. McCune's deposition in France.  Dr. McCune is a lifelong resident of the United States. Dr. McCune's CV indicates ongoing professional responsibilities in the United States related to medical facilities in Virginia.  And most notably, Dr. McCune has consented to appear as a retained expert witness in this case with full knowledge that this will require actively participating in trial in Georgia.  *See Frederick v. Columbia Univ.*, 2003 U.S. Dist. LEXIS 1604, 2003 WL 260685, at *1 (S.D.N.Y. Feb. 4, 2003) (holding that because plaintiff chose the expert, she should produce the witness in New York where the action was filed, not in California where the expert resides); *Gordon v. New Eng. Cent. R.R.*, Case No. 2:17-cv-00154, 2019 U.S. Dist. LEXIS 228360 (D. Vt. January 30, 2019) (expert who resided in Florida must appear for deposition in Vermont because when the expert "agreed to serve as an expert for Defendant, he presumably did so with the knowledge that the case was pending in the District of Vermont and that he might need to travel to Vermont to testify"); *Viera v. United States*, Case No. 18-CV-9270, 2019 U.S. Dist. LEXIS 211318, 2019 WL 6683556, at *2 (S.D.N.Y. Dec. 6, 2019) (requiring plaintiff's medical experts to appear at location of deposition notice because the mere convenience of plaintiff's experts is insufficient to rebut the deposition notice presumption).

On the other hand, to require Monsanto to pay to travel to France would be prejudicial and costly, particularly since it is Plaintiff who has designated Dr. McCune for a trial to be held in Georgia, knowing his geographical circumstances. Dr. McCune has never been deposed in Roundup litigation and is giving a novel opinion never given in the Roundup litigation, so Monsanto should be able to depose Dr. McCune in-person. Monsanto is willing to conduct the deposition near an airport in Atlanta or New York City where there are several direct flights to and from Paris, France. Based on the foregoing, Monsanto respectfully requests that the Court issue an order that Plaintiff's expert Dr. McCune appear for deposition at a mutually agreeable location in the United States.

Dated: October 17, 2025                    Respectfully Submitted,

                                           */s/ Alexis Lilly*
                                           Alexis Lilly (admitted *pro hac vice*)
                                           Motley Rice LLC
                                           28 Bridgeside Blvd
                                           Mt. Pleasant, SC 29464
                                           Phone: (843)-216-9483
                                           alilly@motleyrice.com

                                           **Counsel for Plaintiff Christian Davis**

                                           */s/ Jason S. Allard*
                                           Joshua L. Becker
                                           Georgia Bar No. 046046
                                           Jason S. Allard
                                           Georgia Bar No. 660305

Nia S. Wilson
Georgia Bar No. 914011
Shook, Hardy & Bacon, L.L.P.
1230 Peachtree St., Suite 1200
Atlanta, GA 30309
Telephone: 470-867-6020
Fax: 470-867-6001
jallard@shb.com
jbecker@shb.com
nwilson@shb.com

***Counsel for Defendants Monsanto
Company, Bayer Corporation, Bayer
U.S. LLC, and Bayer CropScience
LP***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

CHRISTIAN DAVIS,

                Plaintiff,

v.

BAYER CORPORATION A/K/A
BAYER USA,

BAYER U.S. LLC,

BAYER CROPSCIENCE LP,

and

MONSANTO COMPANY,

                Defendants.

Case No.: 1:23-CV-04800-JPB

**JOINT STATEMENT ON**
**DISCOVERY DISPUTE**

**CERTIFICATE OF SERVICE AND**
**COMPLIANCE WITH LOCAL RULE 5.1(C)**

I hereby certify that on this day I electronically filed the foregoing **PARTIES JOINT DISCOVERY STATEMENT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to such filing to all counsel of record. I further certify that the foregoing has been prepared in a Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**Dated: October 17, 2025**                    */s/ Jason S. Allard*

Jason S. Allard
Georgia Bar No. 046046